# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| PATRICIA KAVALIR, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | Case No. 07 C 0835 |
| v. | ) | |
| | ) | Hon. John W. Darrah |
| MEDTRONIC., et al., | ) | U.S. District Court Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before this Court is Defendant's Motion to Stay Proceedings and Plaintiff's Motion for Remand.

## BACKGROUND

In approximately August 2000, a Medtronic Implantable Cardioventer Defibrillator ("ICD") was surgically implanted in Plaintiff at Chicago Hospitals due to damage to Plaintiff's heart after receiving chemotherapy for breast cancer. As a part of the ICD implantation, insulated wires were surgically implanted under the muscles in Plaintiff's upper chest area instead of under her skin because Plaintiff lacked the requisite degree of skin thickness to properly retain the ICD and lead wires.

Prior to May 2003, Plaintiff experienced complications with the surgery. After examination and testing, Plaintiff was informed that the insulation on the surgically implanted wires had become detached; and future surgery was necessary. In early May 2003, Plaintiff was hospitalized at Loyola Hospital and again underwent surgery to remove and replace the ICD and wires.

In December 2004, Plaintiff was advised by a Medtronic official that the ICD implanted in Plaintiff in 2003 was defective; and replacement was necessary in order to protect Plaintiff's life. In late April 2005, the ICD that was implanted in 2003 was removed and replaced at Loyola Hospital.

On June 16, 2006, Plaintiff filed suit in the Circuit Court of Cook County against Medtronic under theories of strict products liability and breach of implied warranty and against Loyola Hospital and Chicago Hospitals ("Hospital Defendants") for breach of implied warranty. All three Defendants moved to dismiss the Complaint in the Circuit Court. One day before the Plaintiff's response brief was to be filed in the Circuit Court, Plaintiff moved to file an amended complaint. The Circuit Court denied Plaintiff leave to file an amended complaint and ordered Plaintiff to respond to the pending motions to dismiss.

On January 11, 2007, the Circuit Court granted Loyola's and Chicago Hospitals' motions to dismiss and entered an order dismissing Plaintiff's claims against Loyola and Chicago Hospitals with prejudice. Citing *Brandt v. Boston Scientific Corp.*, 204 Ill. 2d 640 (2003) (*Brandt*), the Circuit Court held that Plaintiff could allege no facts to succeed on her claims against Loyola and Chicago Hospitals on an implied warranty theory because Plaintiff went to the hospitals not to purchase an ICD but to be treated for her heart condition.

On February 7, 2007, Plaintiff filed motions for reconsideration and for leave to file an amended complaint in the Circuit Court. On February 12, 2007, Medtronic removed the instant case to this Court based on diversity jurisdiction. Medtronic's removal was based on the involuntary dismissal of the non-diverse Hospital Defendants

2

and, in the alternative, on the fraudulent joinder of the Hospital Defendants in the Circuit Court action. At the time of filing the removal motion, Medtronic had not yet received Plaintiff's then recently filed motions for reconsideration and for leave to file an amended complaint. Because Medtronic was unaware of the motions, Medtronic's notice of removal did not reference Plaintiff's pending motions. The removal was based, in part, on the voluntary/involuntary rule because Plaintiff's apparent failure to challenge the dismissal would have amounted to a voluntary dismissal. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 n. 3 (7th Cir. 1992) (citation omitted) (a dismissal is treated as voluntary if the plaintiff merely accedes to the dismissal by failing to appeal). In its reply brief, Medtronic withdraws the voluntary/involuntary rule as a basis for Medtronic's removal.

After the case was removed to this Court, Medtronic filed a Motion to Stay Proceedings, arguing that because the transfer of the instant case to the Judicial Panel on Multidistrict Litigation ("MDL") as a tag along action was imminent, judicial efficiency would best be served by granting the stay. In response to Medtronic's motion, Plaintiff filed a Motion to Remand the proceeding to state court. On March 1, 2007, the MDL entered a conditional transfer order, which conditionally transferred this matter to the District Court of Minnesota. Plaintiff has filed a notice of opposition to the conditional transfer order and seeks to vacate the conditional transfer.

## ANALYSIS

Plaintiff argues that Medtronic's Motion to Stay Proceedings should be denied because the case was improperly removed from state court. Specifically, Plaintiff argues that a pending motion to reconsider the dismissal of the non-diverse Hospital Defendants

3

and a related motion to file an amended complaint barred Medtronic from removing the matter. Furthermore, Medtronic did not mention the pending state court motions in their Notice of Removal. Though Medtronic claims inadvertent error and not deliberate withholding, as accused by Plaintiff, Medtronic concedes that the pending state court motions, in isolation, would have prevented removal. However, contrary to Plaintiff's assertion, Medtronic alternatively removed the case due to the alleged fraudulent joinder of the Hospital Defendants.

*Motion for Remand*

In considering a motion to remand, a court's focus is restricted to its authority to hear the case pursuant to the removal statute. 28 U.S.C. § 1441. Whether removal was proper is determined from the record as a whole. *Casey v. Hinckley & Schmitt, Inc.*, 815 F. Supp. 266, 267 (N.D. Ill.1993) (*Casey*); *Kennedy v. Commercial Carriers, Inc.*, 739 F. Supp 406, 409 (N.D. Ill.1990). The party seeking to preserve the removal, not the party moving to remand, bears the burden of establishing that the court has jurisdiction.
*Jones v. General Tire and Rubber Co.*, 514 F.2d 660, 664 (7th Cir. 1976). If the court finds that it does not have jurisdiction, then it must remand the case to state court. *Casey*, 739 F. Supp. at 267; *Commonwealth Edison Co. v. Westinghouse Elec. Co.*, 759 F. Supp. 449, 452 (N.D. Ill 1991).

A court's diversity jurisdiction is limited – no plaintiff may be a citizen of the same state as any defendant. *See Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1314-15 (7th Cir. 1994) (*Hoosier*). However, diversity jurisdiction is not destroyed by the joinder of a non-diverse party if that joinder is fraudulent. *Hoosier*, 34 F.3d at 1315. "Fraudulent joinder occurs either when there is no

4

possibility that a plaintiff can state a cause of action against non-diverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). The burden of proving fraudulent joinder rests on the party seeking removal. *See Ontiveros v. Anderson*, 635 F. Supp. 216, 218 (N.D. Ill. 1986) (*Ontiveros*). All factual issues and questions of substantive law are evaluated in plaintiff's favor. *See Ontiveros*, 639 F. Supp at 218.

In the present case, there is no possibility that Plaintiff could state a cause of action for breach of implied warranty against the Hospital Defendants in an Illinois court.

To succeed on a claim of breach of implied warranty, a plaintiff must prove a sale of goods, by a merchant of those goods, and that the goods were not of merchantable quality. 810 ILCS 5/2-314(1). When a transaction involves both goods and services, such a transaction is a sale of goods only if the sale is predominantly for goods and incidentally for services. *Brandt*, 204 Ill.2d at 645, *citing Belleville Toyota Inc. v. Toyota Motor Sales U.S.A. Inc.*, 199 Ill. 2d 325, 352-53 (2002). In *Brandt*, the plaintiff sued a hospital in connection with the surgical implantation of a medical device to treat incontinence. *Brandt*, 204 Ill. 2d at 642-63. Subsequent to the surgery, the manufacturer of the implanted device issued a recall; and the device needed to be removed. The plaintiff had also suffered complications as a result of the implantation of the device. *Brandt*, 204 Ill. 2d at 642-63. The *Brandt* court, in holding that the transaction was not a sale of goods and thus a cause of action could not be sustained under a breach of implied warranty theory, reasoned that, when viewed as a whole, the transaction was for services and not for goods. *Brandt*, 204 Ill. 2d at 652. The Plaintiff went to the hospital to seek

treatment for her medical condition, not specifically to purchase the medical device; the purchase of the medical device was incidental to the treatment. *Brandt*, 204 Ill. 2d at 6453. Additionally, as noted by the *Brandt* court, a majority of jurisdictions hold that a hospital's provision of a defective surgical device is a transaction for services and not for goods. *See e.g., Skelton v. Druid City Hospital Board*, 459 So. 2d 818, 821-23 (Ala. 1984).

The facts of the instant case are nearly identical to the facts in *Brandt*. In the instant case, as in *Brandt*, the Plaintiff sought medical treatment and, as a result of that treatment, had a surgical device implanted, which later needed removal. As in *Brandt*, the implantation of the Plaintiff's device in the instant case is only incidental to the transaction. Plaintiff argues that the issue of whether the transaction at issue was a sale for goods is a matter of uncertain state law. However, in support of this argument, Plaintiff cites either cases with facts dissimilar to the instant case or of courts of lesser authority with regards to the application of the laws of the State of Illinois. Thus, in light of the similarity of facts in *Brandt* and the instant case, absent an unlikely reversal by the Illinois Supreme Court of its own recent decision, Plaintiff does not have any possibility of succeeding with her breach of implied warranty claims against the Hospital Defendants. Since this is so, it is implicit that the Hospital Defendants were fraudulently joined; and this case was properly removed.[1]

---

[1]Although not binding on this Court, and as noted above, the Circuit Court, relying on the *Brandt* case, held that the Hospital Defendants were fraudulently joined when it dismissed the claims against the Hospital Defendants with prejudice based on its finding that the Plaintiff's purpose in receiving the ICD did not constitute a sale of goods but was to remedy a medical problem and continue with the treatment of her heart condition.

*Motion to Stay Proceedings*

Defendant seeks a stay of the instant proceedings in light of the pending transfer to the MDL predicated on the assertion that the case was improperly removed from state court; but, for the reasons discussed above, this is not the case.

A District Court has the inherent power to grant a defendant's motion to stay all proceedings pending the matter's likely transfer to the MDL. *See Smith v. Merck,* 2006 WL 3842190 (S.D. Ill. Dec. 26, 2006). Plaintiff also argues that Plaintiff will be prejudiced by a stay in the proceedings. However, Plaintiff provides no detail as to why this is the case. To the contrary, the interests of judicial economy will be best served by staying the proceedings until its likely transfer to the MDL.

## CONCLUSION

For the reasons stated above, Medtronic's Motion to Stay Proceedings is granted; and Plaintiff's Motion for Remand is denied.

Dated: April 19, 2007

JOHN W. DARRAH
United States District Court Judge